UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

CIVIL ACTION NO. 16-91-HRW

MICHAEL SIMS, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

FAMILY DOLLAR, INC., DEFENDANT.

This matter is before the Court upon Plaintiff Michael Sims' Motion to Remand [Docket No. 6]. The motion has been fully briefed by the parties [Docket Nos. 6-1 and 7]. For the reasons stated herein, the Court finds that remand is appropriate.

I.

Plaintiff Michael Sims filed this civil action against his former employer Defendant Family Dollar, Inc. in Rowan Circuit Court. In his Compliant, Sims alleges that Family Dollar discriminated against him for filing and pursuing a workers' compensation claim, in violation of KRS 342.197(1). [Complaint, Docket No. 1-3, ¶ 12].

Defendant filed a Notice of Removal in this Court, alleging jurisdiction pursuant to 28 U.S.C. § 1332, whereas Plaintiff is a citizen ok Kentucky and Family Dollar is a corporate citizen of North Carolina. In addition, Defendant alleged that the amount in controversy exceeds the jurisdictional requirements of § 1332. Therefore, Defendant argued that complete diversity existed and removal was proper. [Docket No. 1].

Twenty-two days after Defendant filed the Notice of Removal, Plaintiff filed a Motion to Remand this case back to Rowan Circuit Court. [Docket No. 6]. In seeking remand, Plaintiff

argued that 28 U.S.C. 1445( c) prohibits the removal of workers' compensation cases and, therefore, this Court lacks jurisdiction of this case. [Docket No. 6, p. 1-2].

**II.**

The Sixth Circuit has directed that the "first and fundamental question" in every case in federal court is whether jurisdiction exists, "even where the parties concede or do not raise the issue." *Douglas v. E.G. Baldwin & Assocs.*, 150 F.3d 604, 606-607 (6th Cir.1998).

"A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. §1445 ( c). The removal of such cases has been deemed a "procedural defect" rather than one pertaining to jurisdiction.[1] *Hackworth v. Guyan Heavy Equipment, Inc.*, 613 F. Supp.2d 908, 912 (E.D.Ky. 2009). Whether a defect is considered "jurisdictional" or "procedural" determines when and in what manner the defect must be raised in order to obtain a remand:

> If the defect is jurisdictional, then it can be raised at any time by any party, and can even be raised *sua sponte* by the court. A procedural defect, however, is waived unless it is raised in a motion to remand that is made within thirty days after removal.

*Id.* (Internal citations omitted).

---

[1] A jurisdictional defect is "one that deprives a federal court of subject matter jurisdiction, which is the only source of 'authority to hear a given type of case.' " *Id.* (quoting *United States v. Morton*, 467 U.S. 822, 828 (1984)). "Unlike jurisdictional defects, however, procedural defects do not affect the court's underlying authority. Rather, procedural defects go solely to the process by which a case is removed." *Hackworth*, 613 F.Supp.2d at 912 (citing *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir.2009)).

As such, in this case, remand is proper if a motion is made within thirty days after removal pursuant to 28 U.S.C. 1447( c). *Id.* at 913.

### III.

Plaintiff filed his Motion to Remand twenty-two days after Defendant filed its Notice of Removal, clearly within the thirty-day window provided by Section 1447( c). Therefore, remand is appropriate.

Defendant, however, argues that Plaintiff did **not** seek remand within the allotted time. Indeed, Defendant contends that Plaintiff has **yet** to effectively and adequately object to the removal of his lawsuit. Given that the thirty-days has come and gone, Defendant asserts that the opportunity for remand has, too, gone a glimmering.

Specifically, Defendant maintains that although in his motion seeking remand, Plaintiff cites the appropriate statute as a basis for remand, to-wit, Section 1445( c), he does not make the correct argument. Defendant emphasizes that Plaintiff stated that this Court "lack[s] jurisdiction" over his case. As explained *supra*, Section 1445( c) is regarded as a procedural flaw, not a jurisdictional one. Therefore, according to Defendant, Plaintiff does not "preserve his position against removal." [Docket No. 7, pg. 3].

It appears that Defendant finds that Plaintiff's failure to utter the magic words "procedural defect" fatal to his motion. The undersigned is not willing to go that far. No magic words are required here; the law will suffice.

Further, Defendant's attempt to hitch its horse to *Hackworth* is unavailing. In *Hackworth*, Plaintiff did not file a motion to remand and, thus, waived the defect, which allowed the District Court to proceed with merits of his case. By contrast, in this case, Plaintiff filed a

3

motion to remand, thereby preserving his right to raise the defect.

The Court finds that Plaintiff timely objected to removal under Sections 1445( c) and 1447 ( c) and, further, that remand is warranted.

IV.

Accordingly, **IT IS HEREBY ORDERED** Plaintiff's Motion to Remand [Docket No. 6] be **SUSTAINED** and this matter be **REMANDED** to Rowan Circuit Court.

This 13th day of September, 2016.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

4